LEONARDO M. RAPADAS
United States Attorney
BEVERLY R. McCALLUM
Assistant United States Attorney
District of the Northern
   Mariana Islands
Horiguchi Bldg.; Ste. 300
P.O. Box 500377
Saipan, MP  96950

Tel:  (670) 236-2980
Fax: (670) 236-2985

F I L E D
Clerk
District Court

DEC 1 0 2007

For The Northern Mariana Islands
By_____
       (Deputy Clerk)

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES of AMERICA, | Case No.:  07 - 00027 |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | Date:      December 10, 2007<br>Time:      9:00 a.m.<br>Judge:    Hon. Alex R. Munson |
| PRISCO ONGRUNG,<br>a/k/a PRISCO OMGRUNG | |
| Defendant. | |

     Pursuant to Rules 11(c)(1), (c)(1)(A), and (c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, PRISCO ONGRUNG, a/k/a PRISCO OMGRUNG, have reached a plea agreement in the above-captioned case. Defendant has been advised and understands that, under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the terms of this agreement are merely recommendations to the Court. The Court can reject them without permitting Defendant to withdraw his plea of guilty and can impose a sentence that is more severe than he anticipates.

     The Agreement follows:

1

1.    Under Rule 11(c)(1) of the Federal Rules of Criminal Procedure, Defendant will plead guilty to the lesser-included offense of Assault on a Federal Officer on or about September 12, 2007, a class A misdemeanor in violation of 18 U.S.C. § 111(a), pursuant to Count 1 of the Indictment, which charges him with Assault on a Federal Officer with Bodily Injury on or about September 12, 2007, a class C felony in violation of 18 U.S.C. § 111(b). Defendant agrees that the time between the filing of this agreement and the date Defendant is sentenced following his change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2.    In exchange for Defendant's guilty plea:

a.    Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the government will recommend that the Court impose the following:

i.    a term of imprisonment, not to exceed the statutory maximum of twelve (12) months, within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines ("U.S.S.G.," the "guidelines," or the "sentencing guidelines"). This term shall not include probation or a split-sentence, even if permitted under the guidelines. However, Defendant may recommend that the Court impose a term of imprisonment pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a) and shall not be limited to recommending that the Court impose such term pursuant to the applicable guidelines range.

ii.    a term of supervised release of one (1) year which includes the following provisions:

A.    Defendant shall complete any pre-trial treatment conditions ordered by the Court prior to the entry date of this agreement.

B.    Defendant shall have no contact with the victim, Samuel Martinsen.

C.    Defendant shall, for the duration of the victim's tour of duty at American Memorial Park ("the park") on Saipan, Commonwealth of the Northern Mariana Islands, provide advance notice by telephone to the park's personnel of his intention to enter the park.

iii.    a special assessment of $25.00.

iv.    restitution to the United States for worker's compensation expenses paid by the United States in connection with the victim's medical treatment on the offense date.

b.    Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the government will, at the time of sentencing, move to dismiss the language of Count 1 of the Indictment which alleges a statutory enhancement under 18 U.S.C. § 111 for infliction of bodily injury.    The government agrees to bring no further charges against Defendant arising from information learned during the investigation that brought about this plea agreement, if any.

c.    Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the government will recommend a two-level reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), provided Defendant continues to demonstrate such acceptance through sentencing.  As of the date of this agreement, Defendant has timely notified authorities of his intention to enter a plea of guilty.  If, and only if, Defendant

i.    pleads guilty pursuant to this agreement;

ii.    on or before the date scheduled by the Court; and if

iii    the adjusted offense level prior to the application of U.S.S.G. § 3E1.1(a) is sixteen (16) or greater,

the government will move the Court for an additional one-level downward adjustment in the offense level under U.S.S.G. § 3E1.1(b)(2).

d.    Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the government will not oppose Defendant's recommendation as to a fine amount and will, instead, defer to the Court's discretion with respect to that determination.

3.    The United States and Defendant stipulate to the following facts and application of the guidelines:

a.    On or about September 12, 2007, Defendant intentionally struck Samuel Martinsen, a Law Enforcement Park Ranger of the United States Department of the Interior, National Park Service, in the head as Ranger Martinsen was on duty in American Memorial Park ("the park"), Saipan, Commonwealth of the Northern Mariana Islands. At the time of Defendant's action, Ranger Martinsen had been attempting to issue a citation to Defendant.

b.    The applicable section of the guidelines for the offense to which Defendant is pleading guilty is § 2A2.2.

4.    Except as expressly provided in paragraphs two (2) and three (3), above, the parties have made no agreement concerning the facts, the guidelines, or their application to this case. Both parties reserve the right to present and argue evidence on all matters affecting the guidelines calculation.

5.    The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and the right to answer without limitation any questions asked by the Court.

6.    Defendant has been advised and understands that if the Court accepts his plea, he will be adjudged guilty of a misdemeanor offense and that such adjudication may deprive him of certain civil rights or privileges, including his ability to obtain, retain, or renew licensure from government regulatory agencies.

7.    The maximum statutory penalties for the offense to which Defendant is pleading guilty are as follows:

    a.    a term of imprisonment of up to twelve (12) months;

    b.    a fine of up to one hundred thousand dollars ($ 100,000.00);

    c.    a term of supervised release of up to one (1) year; and

    d.    a mandatory special assessment of twenty-five dollars ($25.00).

8.    Defendant agrees to pay the mandatory special assessment no later than the date of his sentencing with a money order or certified check payable to the Clerk, United States District Court.  Failure to do so, unless the Court makes a finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level for an acceptance of responsibility under the guidelines.

9.    Defendant understands that the Court must consider the sentencing guidelines in determining an appropriate sentence in this case but that the guidelines are only advisory and are not binding on the Court.  Defendant also understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be

imposed.    The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a).  Defendant is advised and further understands that, even if the Court's guideline determinations and sentence are higher than Defendant may expect, Defendant will not be allowed to withdraw his guilty plea.  And Defendant understands that, in the United States Penal System, there is no parole and if the Court sentences him to jail he will not be released on parole.

    10.    Defendant understands that he may have the right to file a direct appeal from his conviction or sentence.  Defendant knowingly and voluntarily waives any right he may have to file such an appeal.  Defendant also waives any and all motions, defenses, probable cause determinations, and objections which he could assert to the indictment or to the Court's entry of judgment against him and imposition of sentence upon him.  Defendant further waives:

    a.    any right to appeal the Court's entry of judgment against him;

    b.    any right to appeal the imposition of sentence upon Defendant under 18 U.S.C. § 3742 (sentence appeals); and

    c.    any right collaterally to attack Defendant's conviction and sentence under 28 U.S.C. §§ 2255 and 2241, motions to reconsider or reduce his sentence, or any other collateral attack.

Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack that he might file challenging his conviction or sentence in this case.  This waiver, however, does not prevent Defendant from challenging the effectiveness of his attorney after conviction.

11.    This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12.    Defendant has been advised and understands that he has the following rights:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right at trial to be presumed innocent and require the government to prove his guilt beyond a reasonable doubt;

    d.    the right to be represented by counsel – and, if necessary, have the Court appoint counsel to represent Defendant – at trial and every other critical stage of the proceeding;

    e.    the right at trial to see and hear all of the witnesses and for his counsel to cross-examine them in his defense;

    f.    the right at trial to testify and present evidence but only if he voluntarily elected to do so;

    g.    the right at trial to the issuance of subpoenas or to compel the attendance of witnesses to testify in his defense; and

    h.    the right at trial, if he decided not to testify or present evidence, not to have those facts used against him and to be otherwise protected against self-incrimination. Defendant is advised and further understands that, if he pleads guilty and the Court accepts his plea, he waives all of these rights.

13.    Defendant has been advised that the offense to which he is pleading guilty has separate and distinct elements or parts. The lesser-included portion of Count 1 of the

Indictment charges Defendant with Assault on a Federal Officer. This offense has two (2) elements. Those elements are:

      a.      That Defendant intentionally used force in assaulting, resisting, opposing, impeding, intimidating, and interfering with United States Department of the Interior, National Park Service Law Enforcement Park Ranger Samuel Martinsen; and

      b.      That Defendant did so while Samuel Martinsen was engaged in his official duties.

Defendant understands that if the case against him were to go to trial, the government would have to prove each of these elements beyond a reasonable doubt.

      14.      This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under the agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

      15.      Defendant understands that if he violates this agreement in any way, the government will have considered the agreement to have been breached. In that event, Defendant shall not have the right to withdraw his plea of guilty. The government, however, will be released from all obligations and restrictions imposed by the agreement. The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

      a.      go forward with the guilty plea and sentencing;

      b.      make any and all sentencing recommendations that it deems appropriate;

      c.      treat the agreement as a nullity, that is, as though the parties had never

entered into it, withdraw the agreement, and go to trial on the Indictment, including the enhancement for bodily injury;

        d.    pursue additional charges against Defendant; and

        e.    use against Defendant, in this and in any other prosecution and proceeding, any and all information, statements, and testimony – including stipulations made in this agreement – that he has provided at any time to the government, the grand jury, or to the Court.

16.    This agreement is limited to the District of the Northern Mariana Islands. It does not bind any other federal, state, or local authorities.

17.    This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter into this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all parties in order to be effective.

18.    Counsel for Defendant states that he has read this agreement, been given a copy of it for his files, explained it to Defendant, and states that to the best of counsel's knowledge and belief, Defendant understands the agreement.

/ /

/ /

/ /

/ /

/ /

/ /

19.    Defendant states that he has read this agreement or had it read to him, has discussed it with his counsel, understands it, and agrees to its provisions.

_____          12-10-07
PRISCO ONGRUNG a/k/a PRISCO          Date
OMGRUNG
Defendant

_____          12/10/07
KELLEY M. BUTCHER          Date
Counsel for Defendant


LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI


_____          12-10-07
BEVERLY R. McCALLUM          Date
Assistant United States Attorney